IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DILSHOD SIDIKOV,                          :
                                          :
        Petitioner                        :
                                          :
    v.                                    :    CIVIL NO. 4:CV-14-334
                                          :
MICHAEL PUGH, ET AL.,                     :    (Judge Brann)
                                          :
        Respondents                       :

## MEMORANDUM

February 26, 2014

**Background**

    This pro se habeas corpus action pursuant to 28 U.S.C. § 2241 was initiated on behalf of Dilshod Sidikov, an inmate presently confined at the Northeast Ohio Correctional Center, Youngstown, Ohio.[1]  For the reasons outlined below, Petitioner will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this matter, however, his petition will be transferred to the United States District Court for the Northern District of Ohio.

---

[1] The petition was prepared by Inmate Frederick Banks.  While Banks may be able to sign the § 2241 petition on behalf of a fellow inmate, there is still an issue as to whether Banks, as a pro se litigant, can adequately represent his interests.  See Collinsgru v. Palmyra Board Of Education, 161 F.3d 225, 232 (3d Cir. 1998); Osei-Afriye v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir. 1991).

Named as Respondents are multiple individual including officials with the Bureau of Immigration and Customs Enforcement (ICE) and Warden Michael Pugh who is employed at Petitioner's current place of confinement. According to the Petition, Sidikov plead guilty to charges of wire fraud and money laundering in the United States District Court for the Northern District of Ohio. Petitioner indicates that he is currently awaiting sentencing. See Doc. 1, ¶ 4.

Sidikov 's pending action challenges the legality of his federal guilty plea on the grounds that: the indictment underlying the charges was insufficient and his defense counsel provided ineffective assistance including failure to advise him regarding potential adverse immigration related consequences of his plea. As relief, Petitioner seeks his release from custody, a fair and just sentence, and relief from removal.

**Discussion**

Generally speaking, relief pursuant to § 2241 is sought in the district court having jurisdiction over a petitioner's custodian. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2718 (2004)(jurisdiction for habeas corpus petitions challenging present physical confinement lies in only one district; the district of confinement); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973). Since Petitioner indicates that he is presently confined awaiting sentencing in the State of Ohio, his

pending action was not properly filed with this Court.

However, it is equally well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). Since Petitioner's challenged guilty plea was entered in the Northern District of Ohio, all relevant records and witnesses are located within that district. Moreover, since Sidikov is presently confined in Ohio that court is also in the best position to resolve any issues relating to the Petitioner's immigration status. Based upon those factors, the pending arguments are more appropriately entertained by the Northern District of Ohio. See generally Gardner v. Williamson, 2008 WL 1752229 *4 (M.D. Pa. April 14, 2008)(Munley, J.)(approving transfer of sentencing related habeas petition to district court which imposed sentence).

Accordingly, for the convenience of the parties and in the interests of justice, this matter be transferred to the Northern District of Ohio. See In re Nwanze, 242 F.3d 521, 526 n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions). An appropriate Order will enter.[2]

---

[2] This Court expresses no opinion as to whether any request for habeas corpus relief with respect to Sidikov's pending federal criminal proceedings conviction is premature and subject to dismissal on that basis.

BY THE COURT:

<u>s/Matthew W. Brann</u>
Matthew W. Brann
United States District Judge