UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DILSHOD SIDIKOV, | ) | Case No.: 4:14 CV 451 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| MICHAEL PUGH, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondents. | ) | |

*Pro se* Petitioner Dilshod Sidikov filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is being held as a pretrial detainee in the Northeast Ohio Correctional Center while he awaits resolution of the criminal proceedings against him. *See United States v. Sidikov*, 4:13 cr 091 (N.D. Ohio indict filed Feb. 13, 2013)(Polster, J.). He entered a guilty plea to the indictment, without a plea agreement. *Id.* (ECF No. 472). Sentencing is set for May 28, 2014.

## I. Background

In the Petition, Sidikov challenges the indictment to which he pled guilty and objects to the advice he received from his attorneys with regard to his guilty plea. He claims the indictment fails to name the "known others" that are alleged to have conspired with him. He also contends the charges are based on the commerce clause rather than Art. I, Sec 8, Clause 10 of the United States

Constitution. Finally, he asserts his counsel did not inform him that he could be deported if he pled guilty to the indictment, or that he could have asked the Russian Consulate to furnish him with an attorney. He requests release from pretrial detention, an order from this court barring his deportation should an immigration judge issue such an order in the future, and a fair and just sentence in his criminal case.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Petitions under 28 U.S.C. § 2241, however, may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). They do not serve as a substitute for a direct appeal, or as a means to challenge a conviction. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out"

petitions lacking merit on their face under Section 2243).

In this case, Petitioner's criminal case is still pending. A § 2241 Petition can be used only to challenge the execution of a sentence. It cannot be utilized to intervene in a pending criminal proceeding to dispute the charges in the indictment or to challenge the validity of a guilty plea. Those claims must be addressed in the course of his criminal proceedings. Petitioner cannot obtain relief on these grounds through a § 2241 habeas petition.

## V. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 14, 2014